The next case will be 081178, IOR v. Google. The underlying error made by the District Court in this case was according to limitations in the Claim 26 to require the tool bar to be automatically displayed and with no further action on the part of the user. Those unnecessary limitations were not compelled by the plain meaning of the claim language, anything in the specification showing an attempt to limit the claim, or a clear and unambiguous disclaimer of the prosecution history. part of the user. The of the user. The District Court in use of the tool bar to demonstrate the benefit of the tool. The District Court in this case was not compelled by the plain meaning of the Claim 26 to require the tool bar to be automatically displayed. And wouldn't you agree that there is, in fact, prejudice to them in this case if their counterclaims are dismissed with prejudice? If I don't, if I find like you want me to on the merits of the summary judgment, it goes back and your counterclaims, you would argue, are gone. Yes. Right, so there's prejudice. There is prejudice. But from what the Supreme Court tells us, that's the choice that a party that approves position takes or makes. If it does not cross-appeal the dismissal with prejudice of its counterclaims, then it loses them. And I think they're very clear on that. The recent case that we cited that was decided back in June, the Greenblatt case, talks about this. And it says that a court of appeals cannot enlarge a judgment below if there is not a cross-appeal. And that would be in effect what you would be doing. You would say, I'm giving you back your counterclaims. So the counterclaims are gone along with everything in the case. They shouldn't have cross-appealed them. They did not do that. Why do you say it's a clear 54B? Because I don't read it as a 54B. A certification under 54B would be if all issues weren't resolved. It seems to me you kind of can't have it both ways. You can't tell me that you believe they dismissed everything, the whole thing is gone, and tell me this is a 54B. It seems to you I have to look at the document as one or the other, right? I'm not. There appears to be an inconsistency. But the court clearly made a 54B certification. It said that it made an express determination that there was no just reason for delay, and express entry for a judgment. That's all it has to do. It also dismissed the entire action with prejudice. Well, why did it do that if there was already a 54B certification? I don't know. But all we can tell is what the district court did was by reading the record. That's how it speaks. And that's how it comes to us. Did it mean entire action? Well, the district court used the word that has a lot of significance. Action means action, the entire thing, not just the piece of it. Well, we certainly have cases, HR Technology and Nystrom and others, that say district courts are permitted, cardinal chemical doesn't force them to decide issues in counterclaims of invalidity the same way that we're bound to do. Nonetheless, those cases always involve situations where there's a district court dismissal without prejudice. It just seems to me to be a pretty clear abuse of discretion, so I'm really kind of circling around trying to figure out how to interpret this, because either it's an abuse of discretion if you dismiss the entire thing, or it's a 54B, which means maybe he actually didn't dismiss their claims like they're arguing, and I have a little bit of sympathy for the confusing predicament they found themselves in, and do they cross-appeal this, or do they argue below and stipulate to a dismissal with prejudice? It's a quagmire. Well, all they had to do was cross-appeal, and that doesn't involve a whole lot of effort in filing your notice of appeal. They didn't do it. Clearly, I think this court has jurisdiction to deal with the denial of a preliminary injunction, which involves the claim construction, which is really the underlying issue here. It also has jurisdiction to deal with the summary injunction because of the 54B certification, and it also has the ability, I believe, to make a statement, if it wishes, to send this case back to the district court and say, when you deal with this, there are no defenses or counterclaims anymore. I think that would be very helpful to us if you send this case back. But why would we do that? It would be unbelievablyóit would be an abuse of discretion. I mean, why would we send it back and say there are no defenses and counterclaims? I just don't understand how we could come to that conclusion. If it were an abuse of discretion on the court, that's an error that Google should have appealed to have this court correct it. It didn't do it. It waives the error. Is that a harsh result? Sure, it's a harsh result. We find harsh results all the time on appeal when someone misses a filing date for the appeal. Is that a harsh result? Sure, it is. I agree with you, but they clearly have set out the issue in their red brief. Why is that not enough? You think the technicality of the cross-appeal was required. Could you set out the issue of summary judgment as an appeal issue? And in opposition, they discuss extensively this issue. Do you think that the technicality of labeling it a cross-appeal was necessary? And if so, what would you suggest is the right precedent for me to look at on that point? I believe that it's absolutely necessary for them to file a cross-appeal to raise an issue by which they would prejudice below that they want this court to correct. I don't believe that you can do it in response to my appeal. With respect to the 54B issue, did either party seek a determination under Rule 54B? They sought in their summary judgment motion. First of all, summary judgment are non-incriminating. And they said specifically they cross-moved for summary judgment that the accused Google notebook has not infringed and does not currently infringe any claim of the patent. So they opened it up to every claim of summary judgment. They also acknowledged in their brief at page 10, quote, Google cross-moved for summary judgment of non-infringement and validity over the prior art. So they opened up to that, too. So the summary judgment motion, by their admission, opened up all the issues, not just the non-infringement claim. And so the 54B went to whatever. But they didn't seek certification under 54B, and neither did you. No, I don't believe that that's necessary. Is it sufficient in the Sixth Circuit for the judgment to be considered a judgment under 54B simply because it just says there's no just cause for delay? That's the first criteria. However, I think that this— I understand that's the first criteria, but am I not correct that at least in the Sixth Circuit that's insufficient, that there needs to be something more? I think if you can tell from the record what the basis for the 54B certification was, and this Court has said that in the W.L. Gore case, because you can tell from the record what the reasons were. And I think the reasons for the summary judgment are very clear in this case. Claim construction of such a determination that there could not be infringement. That is very clear. I don't think there's any question about that. So you can tell from the record what the basis was. But then the Court said, because it's so clear, it's immediately appealable. I'd like to reserve the rest of my time for rebuttal, please. Thank you. Thank you, Your Honor. I guess I should address the appealability issues first, since the questions were focused on that. There was no request for 54B by either side. There was no suggestion, actually, in the District Court that Google's counterclaims were addressed in any way. And I believe, we believe, as you can see from our briefing, the District Court did not intend to dismiss them. In fact, it's impossible that he would have done that. He granted us summary judgment of non-infringement. We had a declaratory judgment claim of non-infringement. How could he possibly have dismissed that claim with prejudice? He didn't. Let's assume we take the judgment on its face when it said that the action is dismissed, and we interpret that to mean the action in its entirety, including the counterclaims. Where does that leave your counterclaims? Well, two responses to that. First of all, I think we're entitled to make the arguments we have made, even without filing a cross-appeal. But more importantly— And we'll answer that. If we assume that this was a final judgment dealing with all issues, including the counterclaims, on what basis would we remand anything? Well, you would only remand it, of course, if you decided the claim construction on the merits was wrong, and therefore we didn't deserve to win the summary judgment that we won. Wait. Counsel, let me make sure I understand this. If we do agree with you on the appeal and the affirmability of the summary judgment, are you saying that this Court doesn't then need to address at all this other issue of what the judgment really extends to, vis-à-vis the counterclaims? Because you haven't appealed, so you're not seeking for us to separately set aside that because you intend to go back down and keep going on your counterclaims. Well, actually, mostly right. We actually don't have to go back down, because if you affirm what the district court did, the case is over. That is actually one of the fundamental points I wanted to make. There's nothing left for either in the district court if you affirm the substance of this appeal. The answer to the second part of your question is, we have a motion pending in the district court to sort out what the judge actually intended to do with these counterclaims, and the court simply didn't act on it. Now, nobody knows why that is. Probably because the appeal is pending, he felt like it was inappropriate for him to act on it. But the right thing that we think to have happened here is, if it were to be sent back in any way, shape, or form on the substance, then the district court can decide whether, in fact, his judgment and his order was intended to deal with our counterclaims. Clearly not. In our view, clearly it was not. And the gloss that plaintiffs put on this, it's important to understand, the district court never actually said, Google's counterclaims should be dismissed. That's a gloss that plaintiffs put on the judgment. Well, it's not really a gloss. It comes from our Walter Kidd case in which we say, when the district court says action, he means the entire action. And in this case, I don't think there's... He meant to make this whole thing go away. Whether he understood the consequences of what he was doing by saying the whole thing goes away with prejudice or not is a separate question. But he clearly wanted this whole thing to go away. Certainly, he thought that he had done what he needed to do to dispose of the case. Right. Not necessarily every claim that was pending in the case. And with respect to the Walter Kidd case, I understand, obviously, what it says. But you can't read just the judgment in a vacuum. You have to read it together with the order that the judge issued, which the judgment itself says what the court is doing is implementing this order. And the order at the end of the summary judgment opinion, it is ordered that plaintiff's motion for preliminary injunction is denied. Google's cross-motion for summary judgment is granted. And number three, and this is the one, this is the most important one, plaintiff's claims pending against defendant in this matter shall be in the same hereby are dismissed with prejudice. Plaintiff's claims. So then when you look at the judgment and it says the action is dismissed, clearly he's referring to the plaintiff's action. He's not referring to Google's counterclaims. He didn't say he was. In context, reading these two documents together, which I think you'd have to do, there's really no argument that he did. Plaintiffs only are, they get their support from a gloss on just the word action in that judgment without context. Counsel, would this be final and appealable if the counterclaims were not dismissed? It would not be final. It would be appealable. So it's not just the word action, though, in the judgment then either, right? It's the word final as well, because the judgment says this order is final and appealable. Well, I mean, again, in context, it's correct insofar as a preliminary injunction is, of course, appealable. I have no doubt he made a mistake here, counsel. No doubt. I'm just wondering how in the world we deal with it on appeal. Because the summary judgment's not before us. Right. Or the summary judgment is before us and there's an abuse of discretion, but you didn't appeal it. So I don't know what to do. We obviously made the decision that we didn't think it was before, because we would have argued alternative grounds to support the result here, which is that I, Lord, can't prevail. We made other non-infringement arguments below that would support that judgment and felt bound by the jurisdictional issues not to make those arguments. So we think, again, assuming you disagree with the merits, which I certainly hope you don't and I'd like to address briefly anyway, if it were to go back, the right thing to do is to deal just with the injunction issue and let the court down there rule on our motion. And if, in fact, the court says, yes, I'm going to clarify it, I'm going to make it clear that I actually intended to dismiss your counterclaims, well, then if it ever matters someday, we can appeal that. So you're saying we should decide that we can't address the summary judgment at all? I don't think the summary judgment is before you. That's our position, correct, because that's an interlocutory order and there's no, in our view, no final judgment in the case. This is really just an appeal about the preliminary injunction. You said a minute ago that if we affirm on the preliminary injunction and the claim construction that there's really nothing left in the case and there is nothing left to send back. But Iowa, of course, argues that, well, there are more claims in this patent than Claim 26, and they have appealed the dismissal of their other claims. What do you say to that? Well, I don't think, they have argued that there are other claims in the patent. Of course, there are other claims in the patent. But at the same time, Mr. Schmidt just said here today, and it's right, our motion for non-infringement put Iowa to its proof, period. It wasn't just about Claim 26. It was a motion for summary judgment actually of non-infringement and invalidity. I saw that you made in your motion, the motion certainly raises the question of non-infringement with respect to any claim. Correct. But it seemed to me that very quickly that motion sort of morphed into a focus on Claim 26. I didn't see any arguments with respect to anything else. And then everything was combined, the preliminary injunction, the summary judgment, and it was all about Claim 26. What happened along the way with respect to the other claims? Well, the answer to that is actually very simple. Iowa never had a colorable claim of any kind under any other claim in this patent. And they never suggested in the district court that they had any argument on any other claim. They never suggested in this court that they had any argument on any other claim. But in fairness, they simply file a motion for preliminary injunction putting all their arguments with respect to Claim 26. They're not obligated to put in play all claims and make the case on all issues with respect to preliminary injunction. Absolutely right. Now, your motion for summary judgment of non-infringement on its face seemed to put in play all of the claims, but then simply it seemed to quickly focus only on Claim 26. So I'm at a little bit of a loss as to what the posture of the rest of the case was at that time and, of course, then the effect of this judgment. Right. So on their preliminary injunction, they can pick any claim they want, and they did. They picked Claim 26. To respond to our motion for summary judgment both of non-infringement and invalidity, they can't pick any claim they want. They have to put at issue whatever they want to put at issue that will survive that motion. And if you look at the briefing below, we didn't limit – I mean, the validity arguments, for example, weren't limited only to Claim 26. They were focused on that because that's the only claim IOR had ever asserted against Google in this patent. And, again, it's not accidental. I mean, you have the patent in front of you. If you look at the other claims on their face, they deal with hyperlink enhancements that have nothing to do with Google Notebooks. So this – in a way, I mean, procedurally, this may be of some interest to the court, but as a practical matter, if you were to send it back to Judge Hood and say, we agreed with you on Claim 26. We're not so sure about the other claims in the patent, effectively, that's going to end the case anyway because they have no claim under any other claim in the patent. I do think procedurally they're not entitled to go back and to now try to make a claim under some other patent claim. Why not? If the summary judgment isn't in front of us and we can only decide preliminary injunction, and our own case law indicates that even an appellate claim construction at the preliminary injunction stage is not final and binding and the end of the story, why – I mean, this litigation is just going to be unnecessarily extended, extended, extended. I mean, you're going to end up back up here and appeal again. Only if they now were able to and deal to make a claim under some different claim in the patent. We don't think that will ever happen. And only if, at the end of the day, our counterclaims actually need to be resolved in order to end the case. But, I mean, frankly, we don't have an objection to the court sending the case back with directions to the district judge saying, look, 26, you got that right, and if there's anything else left, you can do a clean-up in the district court. That would be perfectly fine with Google. I just think that this is maybe more of a procedural concern for this court than it is having any practical implications to what's going to happen if the case gets sent back. Let me – not that many minutes remain, and let me make a couple of comments on the merits of the case, if I may. The primary point I wanted to make is that this is not, as we say in our briefs, it's not a disclaimer case. It's a straight-up claim construction case. What does this limitation about based upon mean? And we did have an opportunity, because of the way some of the cases were cited, to comment on at least a couple of the primary cases ILR has relied on, this Golight case and the Liebel-Flarshon case. And I just wanted to make a couple of comments on that. They're both distinguishable fundamentally for a number of reasons. First of all, neither of those cases dealt with where the language of the claims itself contained the limitation. In other words, they were pure disclaimer cases. There was nothing in the claim to suggest the limitation at issue, and instead the argument was that because of what had been said in the specification, because of what had been said in the prosecution history, and otherwise, if I can use the phrase vanilla claim or broad claim, had to be limited in some way. In the Golight case in particular, there were other independent claims in the patent that actually had the limitation that was sought to be included in the independent claim at issue. That, of course, isn't true here. This based-on language is in the claim at issue, and it's actually in other claims in the patent as well. Similar situation in the Liebel-Flarshon case. There you had an independent claim that had no claim language hook for the limitation at issue, but dependent claims in that patent explicitly had the limitation. So those claims really are an opposite if you just look at the claim language that you're dealing with. And the last point on those two cases is if you look at the prosecution history language that was relied on in those cases, there again, they're fundamentally different. I mean, here we have a situation where the applicant said the claims at issue were similar to earlier claims, which they now, I think, concede on appeal, Claims 1 and 9, they concede that those claims preclude the user taking additional actions. And in prosecution, they said the claim at issue here, 26, was similar and went a lot further and said, and not only that, Claim 26 is allowable for at least the same reasons. You're not going to find anything like that in the Goldlight case or the Liebel-Flarshon case, or any case, actually, that I or Eliza. Other than that, I think everything else is in the briefs. I wanted to comment on those two cases. If the court has questions, I'm happy to address them, but otherwise I'll. Okay, thank you. Thank you. Mr. Schmidt? If I could address the merits. Mr. Scherpenbach has said that based on appears to be the pivotal language here. I ask, how from the words based on could you ever imply automatic pop-up or no further user action? That from the claim language of the claim simply is not discernible from that claim language. I wanted to address a little bit the Goldlight case that Mr. Scherpenbach mentioned. I think you can use that case almost as a template in this case. In that case, there were other claims containing the same limitation. That's what Google has argued here in their briefs. In that case, the specification only described a single configuration. That's what Google has argued in this case. In Goldlight, other claims were distinguished on the particular basis. That's what Google has argued here. And yet, this court held that the claims were not specification of prosecution history limited. They take on their ordinary meaning, and that's what should happen here also. I want to address this idea of clicks, mouse clicks, because it seems prevalent in Google's briefing. If you look at the discussion in this patent about mouse clicks, you will find that it is not directed to opening the toolbar. It is directed to a feature in the prior art that once you get the toolbar open, for example, and then you start addressing what is inside that toolbar, then you can click on that. It's not directed to opening the toolbar by itself. Even if you say that the clicks are directed to opening the toolbar, the patent also contains the language, the present application enables the user to accomplish in a single click what might otherwise take three or more user actions. Well, that describes Google Notebook. You right-click, one click, and you get their toolbar. You right-click to get the toolbar, but then you have to click again to get whatever action you want. But, yeah, that's true. As opposed to a situation where the toolbar automatically appears when the cursor is placed in proximity. We're talking about the distinction between simply taking the mouse cursor, placing it over the hyperlink, and something pops up, versus having to right-click when the cursor is over the hyperlink in order to get the toolbar to pop up. That's the distinction that we're making here. And the important point is that there's nothing in Claim 26 that precludes that right-click, either from the plain language specification or the prosecution history. I don't think the district court appreciated the significance of the work comprising in Claim 26. We know that that's an open-ended transitional term that does not preclude further method steps. And I get that from several statements by the district court. Claim 26 itself includes the only user action required to render the toolbar displayable. That's not the issue. The issue is whether Claim 26 excludes other user action. I don't want to eat up the few seconds you have, but very briefly, with respect to the motion for summary judgment of non-infringement, on its face it seemed to address or put in play all claims, but then quickly seemed to focus on Claim 26. What happened with respect to the other ones? Did you respond? Did you answer with respect to the other claims? Google only addressed Claim 26 on the issue of non-infringement. They did address all the claims on the basis of invalidity. We addressed that in our response to our motion for preliminary injunction, which was then incorporated by reference in our response. So we did put in our basis that they were not invalid. The district court simply didn't rule on the invalidity piece of it. If you send this case back to the district court, it can't consider the counterclaims because they're gone. It also can't consider this motion that was pending because it's gone too by the dismissal of prejudice. Thank you very much. Thank you.